UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT SCOGNAMILLO,

Plaintiff,

-v-

GEORGE KOFINAS, M.D., FACOG, et al.,

Defendants.

CIVIL ACTION NO. 26 Civ. 7210 (DEH) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

## I. INTRODUCTION

Plaintiff Robert Scognamillo ("Mr. Scognamillo") brings this action against George Kofinas, M.D., FACOG ("Dr. Kofinas"), Kofinas Fertility Group, P.C. (the "Fertility Group") and The Fertility Institute at New York Methodist Hospital (the "Fertility Institute," together with Dr. Kofinas and the Fertility Group, the "Defendants") for negligence and related claims arising from Defendants' alleged negligent selection and screening of an egg donor resulting in Mr. Scognamillo's two minor children suffering "severe genetic harm[.]" (Dkt. No. 1 (the "Complaint")). Before the Court is Mr. Scognamillo's application for the Court to request pro bono counsel on his behalf. (Dkt. No. 17 (the "PB Application")). The Honorable Dale E. Ho referred this action to the undersigned for general pretrial management, which includes the PB Application. (Dkt. No. 6). For the reasons stated below, the PB Application is **DENIED** without prejudice.

## II. PROCEDURAL BACKGROUND

On August 24, 2026, Mr. Scognamillo filed the Complaint. (Dkt. No. 1). On September 11, 2026, Dr. Kofinas and the Fertility Group filed their answer. (Dkt. No. 10). On September 18,

2026, the Fertility Institute filed its answer. (Dkt. No. 12). On September 21, 2026, the Court scheduled an initial case management conference (the "Conference") for November 4, 2026 at 2:00 p.m. ET. (Dkt. No. 13). On October 16, 2026, Mr. Scognamillo filed the PB Application. (Dkt. No. 17).

## III. DISCUSSION

### A. Legal Standard

As an initial matter, "[u]nlike criminal defendants, indigents filing civil actions have no constitutional right to counsel." Davila v. Doar, No. 07 Civ. 5767 (SHS) (DF), 2008 WL 4695004, at *2 (S.D.N.Y. Oct. 22, 2008). The Court, however, has "broad discretion when deciding whether to seek pro bono representation for a civil litigant[,]" but must do so "sparingly, and with reference to public benefit, in order to preserve the precious commodity of volunteer-lawyer time . . . ." Morocho v. Stars Jewelry by the A Jeweler Corp., No. 23 Civ. 3836 (VSB), 2025 WL 2603677, at *1 (citing Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172–73 (2d Cir. 1989)).

In Hodge v. Police Officers, the Second Circuit set forth factors a court should consider in deciding whether to grant a litigant's request for pro bono counsel. See Hodge v. Police Officers, 802 F.2d 58, 60–62 (2d Cir. 1986). First, "the litigant must [] demonstrate that he [] is indigent." Morocho, 2025 WL 2603677, at *1; see Hodge, 802 F.2d at 60 ("The authority for [the court] to appoint counsel for indigents in civil cases comes from 28 U.S.C. § 1915(d)"). "The court must then consider whether the litigant's claim seems likely to be of substance — a requirement that must be taken seriously." Morocho, 2025 WL 2603677, at *1 (citing Hodge, 802 F.2d at 60–61). If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to

> the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in [the] case why appointment of counsel would be more likely to lead to a just determination.

Morocho, 2025 WL 2603677, at *1 (citing Hodge, 802 F.2d at 60–61; see Cooper, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel).

"In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion." Morocho, 2025 WL 2603677, at *1 (citing Hendricks v. Coughlin, 114 F.3d 390, 392-93 (2d Cir. 1997). "Rather, each application must be decided on its own facts." Morocho, 2025 WL 2603677, at *1 (citing Hodge, 802 F.2d at 61).

**B. Application**

Here, the PB Application is **DENIED** without prejudice because Mr. Scognamillo has not established that he is indigent, which is a threshold requirement for the Court to request pro bono counsel on his behalf. See Morocho, 2025 WL 2603677, at *1. In his PB Application, despite checking the box stating that he has "not previously filed an [in forma pauperis] ["IFP"] application in this case and now attach[es] an original IFP application showing [his] financial status," he does not attach an IFP application to the PB Application. (Dkt. No. 17). In fact, Mr. Scognamillo states that his "finances [are] not the reason [he is] asking for pro bono counsel" but rather that he "prefer[s] assistance ensuring any and all policies and procedures are adhered to" given that "[t]his case is complex regarding legal and factual issues [that he] believe[s] may require an attorney." (Id. at 1). Accordingly, given that Mr. Scognamillo has not established the threshold requirement that he is indigent to warrant the Court requesting pro bono counsel on his behalf, the PB Application is **DENIED** without prejudice.

## IV. CONCLUSION

For the reasons stated above, the PB Application is **DENIED** without prejudice. The Clerk of Court is respectfully directed to close Dkt. No. 17.

Dated: New York, New York
October 23, 2026

SO ORDERED.

**SARAH L. CAVE**
**United States Magistrate Judge**