UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT SCOGNAMILLO,

Plaintiff,

-v-

GEORGE KOFINAS, M.D., FACOG, et al.,

Defendants.

CIVIL ACTION NO. 26 Civ. 7210 (DEH) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

On October 23, 2026, the Court denied Mr. Scognamillo's first application for the Court to request pro bono counsel on his behalf (Dkt. No. 17 (the "First PB Application")) because "Mr. Scognamillo ha[d] not established the threshold requirement that he is indigent to warrant the Court requesting pro bono counsel on his behalf." (Dkt. No. 20 (the "Oct. 23 Order")).[1] A few days later, on October 26, 2026, Mr. Scognamillo filed a second application for the Court to request pro bono counsel on his behalf (Dkt. No. 21 at 3–4 (the "Second PB Application")) along with an application to proceed in forma pauperis ("IFP") without prepaying fees or costs. (Dkt. No. 21 at 1–2 (the "IFP Application")).[2] For the reasons stated below, the Second PB Application and the IFP Application are **DENIED**.

With respect to the IFP Application, under 28 U.S.C § 1915(a)(1), the Court "may authorize the commencement, prosecution, or defense of any suit . . . without prepayment of fees or

[1] Unless otherwise stated, all capitalized terms shall have the same meaning as stated in the Oct. 23 Order. (Dkt. No. 20).

[2] The Honorable Dale E. Ho referred this action to the undersigned for general pretrial management, which includes the Second PB Application and the IFP Application. (Dkt. No. 6).

security therefore, by a person who submits an affidavit that includes a statement of all assets . . . [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C § 1915(a)(1). In the IFP Application, Mr. Scognamillo declares "that he is unable to pay the costs of these proceedings" and therefore requests to proceed IFP without prepaying fees or costs. (Dkt. No. 21 at 1–2). As an initial matter, however, Mr. Scognamillo has already paid the fees in this case. (See Dkt. Nos. 1 (showing that Mr. Scognamillo paid the filing fee of $405.00); 7–9 (showing that Mr. Scognamillo hired a process server to serve the summons and Complaint on Defendants)). Accordingly, given that Mr. Scognamillo has already paid the fees in this case, the IFP Application is **DENIED** as moot. Even if Mr. Scognamillo had not paid the fees, however, his representations in the IFP Application concerning his financial status do not support the Court granting him IFP status. (Dkt. No. 21 at 1–2). Mr. Scognamillo reports that, inter alia, he is currently employed, his gross monthly pay or wages is $17,833.00, he has a pension estimated to be worth $1 million with "annual payments" of $135,000.00, he owns a 2012 Honda Accord, he has an IRA worth $45,000.00, and he has "additional stocks" in the amount of $60,000.00. (Id.) Even considering Mr. Scognamillo's reported monthly expenses, he has not established that he is unable to pay the costs of these proceedings. (See id.) Accordingly, even if the IFP was not moot, it would still be denied.

With respect to the Second PB Application, the Court incorporates by reference the legal standard and analysis set forth in the Oct. 23 Order. (Dkt. No. 20 at 2–4). The Court denied the First PB Application because Mr. Scognamillo had not established the threshold requirement that he is indigent to warrant the Court requesting pro bono counsel on his behalf. (Id. at 3–4). The Second PB Application suffers from the same defect. (Dkt. No. 21; see Dkt. No. 20). The Court

cannot seek pro bono counsel on Mr. Scognamillo's behalf simply because he has "not [been] able to secure counsel in New York[.]" (Dkt. No. 21 at 3). Furthermore, given the relatively early stage of this action, "it is too early to adequately weigh the merits" of Mr. Scognamillo's claims to determine "whether [his] chances of success warrant the appointment of counsel." Quadir v. N.Y. State Dep't of Lab., 39 F. Supp. 3d 528, 543 (S.D.N.Y. 2014); see Reeves v. Fed. Bureau of Investigation, No. 26 Civ. 1485 (DEH) (GS), 2026 WL 3103488, at *1 (S.D.N.Y. Oct. 16, 2026) (denying renewed application for appointment of pro bono counsel where it was too early to assess plaintiff's chance of success). Finally, taking notice of Mr. Scognamillo's filings to date in this action, he has demonstrated his aptitude in prosecuting his claims. See Reeves, 2026 WL 3103488, at *2 (noting that plaintiff had demonstrated that he was "equipped" to respond to motion to dismiss). Accordingly, the Court **DENIES** the Second PB Application.

The Court is in receipt of the parties' proposed case management plan (Dkt. No. 22) and reminds the parties that the initial case management conference is scheduled to take place telephonically on **November 4, 2026, at 2:00 p.m. ET** on the Court's conference line. (Dkt. No. 13). The parties are directed to call: (855) 244-8681; access code: 2308 226 4654, at the scheduled time. (Id.)

Dated: New York, New York
October 28, 2026

SO ORDERED.

**SARAH L. CAVE**
**United States Magistrate Judge**